UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>-v.- )<br>)<br>**DEEB HOMSI** )<br>)<br>**Defendant.** ) | **Criminal No. 05-10003-NMG** |

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HOMSI'S MOTION TO MODIFY CONDITIONS OF RELEASE

The government hereby opposes defendant Deeb Homsi's motion to modify his conditions of release.

When the current bail conditions were imposed on January 7, 2005, Homsi joined in requesting release on home detention with electronic monitoring.

His motion (dated February 2, 2005) to modify his conditions of release contains colorful language ("downright comical"; "senseless") but provides no facts that were not known on January 7, 2005, when the bail conditions were imposed. Further, while Homsi is now expressing concern about the cost of the monitoring and supervision, he does not contend that he personally is bearing any of those costs.

Homsi recites that he "is severely disabled and has been unable to work since 1999." That did not, however, stop Homsi during the Fall of 2003 from -- in the words of the indictment -- "locat[ing] and hir[ing] Slater and McCormack to set the fire to the building located at 178 Main Street in North Reading, Massachusetts which housed the Big Dog and another business establishment."

Finally, if Homsi is in as poor physical condition as he contends, it is not apparent why home detention and electronic monitoring would be unduly burdensome to him. He is being allowed to leave his home for medical appointments and, by his own account, he is neither employed nor seeking employment.

The government continues to believe that Homsi's codefendants should have been detained and may not be complying with the bail conditions ordered by the Court. The mere fact that the codefendants were not detained does not affect the propriety of Homsi's bail conditions.

Accordingly, the government submits that Homsi's conditions of release are appropriate and should be maintained.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
FRED M. WYSHAK, JR.
MICHAEL L. TABAK
Assistant U.S. Attorneys
Telephone: (617) 748-3100
Date: January 31, 2005

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Roger A. Cox, Esq. (Fax: 508-231-1405; Confirm: 508-231-1460)
Cox & Cox
30 Main Street, Suite 9
Ashland, MA  01721-1178

This 7th day of February 2005.

 

_____
Michael L. Tabak
Assistant United States Attorney