

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

December 7, 2005

Roger A. Cox, Esq.
30 Main Street, Suite 9
Ashland, MA 01721-1178

      Re:    United States v. Deeb Homsi
              Criminal No. 05-10003-NMG

Dear Mr. Cox:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Deeb Homsi ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    Change of Plea

    At the earliest practicable date, Defendant Deeb Homsi shall plead guilty to the following counts of the above-captioned Indictment: Counts 1, 2, 273, 274, 275, 276, 277, and 278. Defendant Homsi expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in those counts of the Indictment, and is in fact guilty of those offenses.

    2.    Penalties

Defendant Homsi faces the following minimum mandatory and maximum penalties:

        Counts 1 and 2 (Racketeering and Racketeering Conspiracy; 18 U.S.C. § 1962)

- 20 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment per count;
- forfeiture pursuant to 18 U.S.C. § 1963 to the extent charged in the indictment;

Count 273 (Conspiracy to commit arson, etc.; 18 U.S.C. § 371)

- 5 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment;

Count 274 (Arson; 18 U.S.C. § 844(i))

- 20 years' imprisonment, with a <u>mandatory minimum</u> of 5 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment;

Counts 275 and 276 (Extortion - Attempt and Conspiracy; 18 U.S.C. § 1951)

- 20 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment <u>per count</u>;

Count 277 (Interstate travel in aid of racketeering/arson; 18 U.S.C. § 1952(a)(3))

- 5 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release;
- a $100 mandatory special assessment;

Count 278 (Money laundering re: Slater bail; 18 U.S.C. § 1956(a)(1))

- 20 years' imprisonment;
- a fine of $500,000 or twice the value of the property involved, whichever is greater;
- 3 years of supervised release;
- a $100 mandatory special assessment; and
- forfeiture pursuant to 18 U.S.C. § 982(a)(1) to the extent charged in the indictment.

3.  Sentencing Guidelines

The sentence to be imposed upon the Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220 (2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties agree to take the position at sentencing with respect to the application of the United States Sentencing Guidelines that there is one group of offenses which results in an offense level of 27 under U.S.S.G. § 2K1.4(a)(1).[1]

The U.S. Attorney and Defendant Homsi agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines except (a) as explicitly set forth below in paragraph 7, and (b) Defendant Homsi may seek a downward departure on the basis of extraordinary physical impairment. Accordingly, neither the U.S. Attorney nor Defendant Homsi will seek a departure on any ground from the Sentencing Guidelines except (a) under the conditions explicitly set forth below in paragraph 7, and (b) Defendant Homsi may seek a downward departure on the basis of extraordinary physical impairment.

In the event Defendant Homsi contends that there is a basis for departure from the otherwise applicable U.S. Sentencing Guideline range based on extraordinary physical impairment, or otherwise intends to rely on an extraordinary physical impairment at sentencing, Defendant Homsi will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant Homsi's medical records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession. In addition, Defendant Homsi will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant Homsi also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

---

[1] The arson involved the attempted destruction of a place of public use and created a substantial risk of injury to third parties including firefighters. *See* U.S.S.G. § 2K1.4(a)(1). Defendant Homsi was a manager or supervisor of the criminal activity, and it involved five or more participants. *See* U.S.S.G. § 3B1.1(b). This yields an offense level of 27. The Guidelines calculation for the RICO counts, under U.S.S.G. § 2E1.1(a)(2), and for the ITAR count, under U.S.S.G. § 2E1.2, would adopt the arson offense level. The Hobbs Act offense level, under U.S.S.G. § 2B3.2(a), would be 21. The money laundering offense level, under U.S.S.G. § 2S1.1(a)(1), would involve the gambling offense level, under U.S.S.G. § 2E3.1, plus 2 levels, pursuant to 2S1.1(b)(2)(B), resulting in a total of 14. Therefore, the arson level is applied, pursuant to U.S.S.G. §§ 3D1.2(b) and 3D1.3(a).

If Defendant Homsi moves for a downward departure on the basis of extraordinary physical impairment, the government reserves the right to oppose or take no position on the motion.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should the Defendant's Criminal History Category change after the indictment in this case.

Based on Defendant Homsi's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant Homsi's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, Defendant Homsi:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant Homsi is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant Homsi is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant Homsi has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw Defendant's guilty plea.

Defendant Homsi expressly understands that he may not withdraw Defendant's plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant Homsi receive a reduction in Offense Level for acceptance of responsibility.

Defendant Homsi expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if the Defendant obstructs justice after the date of this Agreement.

4. Sentence Recommendation Without Substantial Assistance Motion

In the event the U.S. Attorney does not file a motion under U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), the U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) The U.S. Attorney reserves until the time of sentencing the right to make a recommendation within the applicable guidelines sentencing range, as to a term of incarceration or other confinement, but in no event less than the mandatory minimum;

(b) An $800 mandatory special assessment;

(c) Forfeiture to the extent charged in the indictment;

(d) Supervised release within the U.S. Sentencing Guidelines range; and

(e) A fine within the Sentencing Guidelines, unless the Court finds the Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine.

Defendant Homsi agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant Homsi's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.   Payment of Mandatory Special Assessment

Defendant Homsi agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless the Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge the Defendant's sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that the Defendant's plea should be set aside, or the Defendant's sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant Homsi knowingly and voluntarily waives the Defendant's right to appeal or collaterally challenge:

(1)   Defendant Homsi's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2)   The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

In the event of an appeal from, or collateral challenge to, the Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of the Defendant's sentence and the manner in which the District Court determines it.

7. <u>Cooperation</u>

   a. <u>Terms of Cooperation</u>

Defendant Homsi agrees to cooperate fully with law enforcement agents and government attorneys. Defendant Homsi must provide complete and truthful information to all law enforcement personnel. If testimony is requested from Defendant Homsi, Defendant Homsi must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant Homsi must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in the possession, custody or control of Defendant Homsi that are relevant to the government's inquiries.

Defendant Homsi understands that the Defendant has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which the Defendant has been charged. To facilitate the Defendant's cooperation, Defendant Homsi hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by the Defendant or counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant Homsi waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until the Defendant's cooperation is complete. Defendant understands that the date of the Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require the Defendant's cooperation to continue even after the Defendant has been sentenced. The Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

   b. <u>Substantial Assistance Motion</u>

In the event that the Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) so that the sentencing court may impose a sentence below that which otherwise would be required under the relevant statutes.

The determination whether Defendant Homsi has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant Homsi violates any condition of Defendant's pretrial release, or if Defendant Homsi violates any of the requirements of honesty and candor detailed in paragraph 7(a) above, or engages in any criminal

conduct after the date the Defendant signs this Agreement. Defendant Homsi may not withdraw Defendant's plea if the U.S. Attorney determines that Defendant Homsi has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

        c.        Sentence Recommendation with Substantial Assistance

If Defendant Homsi provides substantial assistance, subject to all the provisions of paragraphs 7(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by the Defendant. The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at the Defendant's sentencing.

        d.        Letter Immunity

In return for Defendant Homsi's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter executed on November 21, 2005 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant Homsi has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant Homsi for any and all offenses that could be charged against the Defendant in the District of Massachusetts, including, but not limited to, false statements and perjury.

        8.        Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant Homsi faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant Homsi's plea will be

tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant Homsi may not withdraw Defendant's plea of guilty regardless of what sentence is imposed. Nor may Defendant Homsi withdraw Defendant's plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant Homsi may have incurred or may incur as a result of the Defendant's conduct and the Defendant's plea of guilty to the charges specified in paragraph one of this Agreement.

10. Rejection of Plea By Court

Should Defendant Homsi's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. Breach of Agreement

If the U.S. Attorney determines that Defendant Homsi has failed to comply with any provision of this Agreement, has violated any condition of pretrial release, or has committed any crime following the Defendant's execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Defendant Homsi recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of the Defendant's guilty plea. Defendant understands that, should the Defendant breach any provision of this agreement, the U.S. Attorney will have the right to use against the Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by the Defendant, and any information, materials, documents or objects which may be provided by the Defendant to the government subsequent to this Agreement or pursuant to the proffer agreement executed on November 21, 2005 without any limitation. In this regard, Defendant hereby waives any defense to any charges which the Defendant might otherwise have under any statute of limitations or the Speedy Trial Act.

12.  **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13.  **Complete Agreement**

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter executed on November 21, 2005. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter executed on November 21, 2005. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and the Defendant, please have the Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Fred M. Wyshak, Jr. and Michael L. Tabak.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
LAURA J. KAPLAN
Chief
Violent & Organized Crime Section

Fred M. Wyshak, Jr.
Michael L. Tabak
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Deeb Homsi
Defendant

Date: 12-16-05

I certify that Deeb Homsi has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Roger A. Cox, Jr., Esq.
Attorney for Defendant Deeb Homsi

Date: 12/16/05