UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES

v.                                                                           NO. 05-CR-10003-NMG

DEEB HOMSI

_____

### DEFENDANT'S MOTION FOR CONTINUED RELEASE ON CONDITIONS PENDING SENTENCING

The defendant Deen Homsi ("Mr. Homsi") entered a plea of Guilty pursuant to Fed. R. Cr. P. 11 on December 16, 2005, to consirpacy to commit arson, among other offenses. Mr. Homsi had been released on electronic monitoring, subject to conditions, and had obeyed all instructions of Pretrial Services during his release. Both the Government and the defense argued at the Rule 11 hearing that Mr. Homsi's release should be continued pending his sentencing, because of a number of factors which demonstrated the kind of "extraordinary circumstances" contemplated by 18 U.S.C. § 3145 (c). Such factors included Mr. Homsi's diligent and faithful compliance with the conditions of his release; (2) his extraordinary physical condition, which included multiple severely disabling illnesses and constant treatment by physicians and specialists; (3) his early and continued cooperation with the Government; and (4) his minor and non-violent role in the offense.

The Court ruled at the Rule 11 hearing that it would continue Mr. Homsi's release until the sentencing date of March 21, 2006, but indicated that it would incarcerate the defendant on that date if, as expected, the Government moved to continue sentencing to a later date due to Mr. Homsi's ongoing cooperation. Discussion between counsel and the Court at the hearing

did not appear to foreclose a reconsideration of Mr. Homsi's continued release past March 21, if adequate legal authority could be presented to the Court which would justify such continued release.

ARGUMENT

THE COURT SHOULD EXERCISE ITS DISCRETION TO CONTINUE THE RELEASE OF MR. HOMSI UNTIL HIS FINAL SENTENCING

18 U.S.C. § 3143 (a)(2) compels the incarceration of a defendant convicted of a crime of violence. Mr. Himsi does not dispute that conspiracy to commit arson is a crime of violence. 18 U.S.C. § 3145 (c)., however, permits the Court to continue the release of a defendant otherwise subject to the compulsory imprisonment mandate of § 3143 if "exceptional reasons" are demonstrated.

While § 3145 (c) appears at first reading to contemplate release pending appeal rather than pending sentencing, every Federal appellate Court which has considered the issue has held that the reach of the statute encompasses the authority of the District Courts to exercise their discretion to continue the release of convicted defendants pending sentencing when "exceptional reasons" for such release are present. *United States v. Jones,* 979 F.2d 804 (10th Cir. 1992) (per curiam); *United States v. Koon,* 6 F.3d 561, 562-563 (9th Cir. 1993); *United States v. Mostrom,* 11 F.3d 93, 95 (8th Cir. 1993); *United States v. DiSomma,* 951 F.2d 494, 496 (2d Cir. 1991); *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991); *Unitec States v. Herrera-Soto,* 961 F.2d 645, 646-47 (7th Cir. 1992). The Sixth Circuit followed these decisions in an unpublished opinion, *United States v. Thompson,* 951 F.2d 351 (1991).

The First Circuit has not explicitly held that § 3145 (c) empowers the District Court to

continue the release of a convicted defendant otherwise subject to § 3143 mandatory incarceration, if exceptional reasons are demonstrated. In *United States v. Mitchell,* 23 F.3d 1 (1st Cir. 1994), however, the Court reviewing a District Court denial of release pending sentencing pursuant to § 3143 (a)(2), assumed without deciding that the District Court had the power consider continued release pending sentencing. The defendant in that case had failed to make an argument that exceptional reasons for release existed within the purview of § 3145(c), however, so there was no analysis of the scope of that specific statute. Given the weight of authority in other circuits and the silence of the First Circuit in *Mitchell, supra,* where it certainly had the opportunity to weigh in against District Court authority under § 3145 (c) had it been so inclined, it may be reasonably presumed that the First Circuit would approve of the position taken by its brother Circuits on this issue.

"The determination of whether exceptional reasons have been clearly shown quintessentially is a fact-finding inquiry requiring a case-by-case analysis." *United States v. Herrera-Soto,* 961 F.2d 645, 647 (7th Cir. 1992). The Second Circuit has defined "exceptional reasons" as being "a unique combination of circumstances giving to situations that are out of the ordinary." *United States v. DiSomma,* 951 F.2d 494, 497 (2d Cir. 1991).

The following illustrative District Court decisions have found the "exceptional reasons" contemplated by § 3145 (c) absent from the facts before them: *United States v. Scott,* 1995 U.S. Dist. Lexis 17820 (E.D. Tex Nov. 22, 1995) (need to assist an infirm parent, including contributions from employment, disruption of family, insufficient to be exceptional reasons for release pending sentencing); *United States v. Mahabir,* 858 F.Supp. 504 (D. Md. 1994) (disruption of family life); *United States v. Taliaferro,* 779 F. Supp.836 (E.D. Va. 1992)

(defendant's daughter's difficult pregnancy); *United States v. Lippold,* 175 F. Supp. 537 (S.D. N.Y. 2001) (work, church involvement, minimal role in offense insufficient to constitute exceptional reasons).

Other District Courts have found exceptional reasons under § 3145 (c) for pre-sentencing release present in the following cases: *United States v. Bleka,* 2005 U.S. Dist. Lexis 32153 (N.D. Ill. 2005) (defendant sole owner of trucking company which provided entire income for family, who needed the time to arrange for sale of company prior to incarceration); *United States v. Charger,* 918 F. Supp. 301 (D.S.D. 1996) (positive family influence on alcoholic defendant and likely granting of downward departure at sentencing); *United States v. Perez,* 1998 U.S. Dist. Lexis 10113 (D. Conn. June 10, 1998) (learning disability, mental condition, potential custody issues of children and employment record); *United States v. Ameneiro*, 1996 U.S. Dist. Lexis 1448 (N.D. Ill. 1996) (employment up until time of incarceration, failure to flee while on bond, ties to community and length of expected sentence); *United States v. Boston,* 824 F. Supp. 98 (N.D. Tex. 1993) (defendant pleaded guilty and cooperated and might be subject to retaliation if incarceration before sentencing); *United States v. Bloomer,* 791 F. Supp. 100, 102 (D. Vt. 1992) (relationship to family, and to unrelated family, medical condition, and employment); *United States v. Stein,* 1992 U.S. Dist. Lexis 10781 (D. Or. July 15, 1992) (employment and a place to stay while on release, full cooperation with Pretrial Services before trial, strong family ties and no risk of danger to community).

Mr. Homsi presents reasons more exceptional than these illustrative cases cited. He is an extremely ill individual, who receives extraordinary medical care on a continuing basis from

numerous hospitals and physicians. His required daily prescription regimen takes a page to list. He must be on oxygen twenty four hours a day; he cannot take more than a few steps without possibly losing consciousness or becoming completely incapacitated if deprived of his medical oxygen supply. The Presentence Report details to seriousness and degree of Mr., Homsi's infirmities at ¶¶ 116-129.

Mr. Homsi also helps care for his elderly mother, with whom he resides. While other family members may take over some of her care, none are able to live with her and provide the level of assistance Mr. Homsi provides. PSR ¶ 113.

The defendant has cooperated with the prosecution since very early in the case, and has provided detailed and significant information to assist the Government. He has also testified before the Grand Jury, and is expected to testify at the trial of his co-defendants. He fully accepted responsibility for his offenses by entering an early Guilty plea.

Mr. Homsi is clearly not a danger to the community or a risk of flight. His unusually poor health militates against either, but his personal history and ties to the community are also compelling evidence of his lack of dangerousness and the remoteness of any flight attempt. He also played a very minor role in the principal offense of arson. Mr. Homsi referred to arson to a Mr. McCormick, who arranged for the actual arson attempt. Mr. Homsi did not stand to benefit from the scheme personally, but simply sought to deflect the request for his assistance in the scheme of one of his co-defendants to someone else, in order not to be personally involved. The defendant does not even begin to argue that conspiracy to commit arson or aiding and abetting an arson are not violent offenses within the purview of § 3143, but does submit that his role in the offense was a minor one.

Mr. Homsi has fully complied with all his conditions of release since his arrest, and may be expected to continue his faithful compliance if his release is continued until he is ultimately sentenced.

All of the facts described above should be considered in the Court's analysis of whether they individually or as a whole constitute "exceptional reasons" for his continued release pending sentencing. The defendant respectfully submits that Mr. Homsi's health alone is a sufficient "exceptional reason" for his continued release, and that the facts taken together compel the conclusion that his continued release would be appropriate, humane, and in full accordance with the intent and spirit of 18 U.S.C. § 3145 (c).

Respectfully submitted,

/s/ Roger A. Cox

_____

Roger A. Cox BBO# 551514
Cox & Cox
30 Main Street
Ashland, MA 01721-1178
(508) 231-1460

Attorney for Deeb Homsi

DATED: March 4, 2006