United States District Court
District of Massachusetts

```
UNITED STATES OF AMERICA,      )
                               )
         v.                    )
                               )   Criminal No.
ARTHUR GIANELLI, et al.,       )   05-10003-NMG
                               )
         Defendants.           )
                               )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Yousef Bina ("Bina"), a third party, has filed a motion to dissolve the government's memorandum of lis pendens and obtain a declaration that he is not bound by this Court's restraining order, both of which affect the registered land known as 405B Dedham Street, Newton, MA ("the Newton Property"). The underlying case involves a sweeping racketeering indictment against 17 defendants.

**I.   Background**

On April 7, 2005, a federal grand jury returned a Superseding Indictment charging Rafia Feghi, a/k/a Rafia Yerardi, and others with, <u>inter alia</u>, racketeering conspiracy and money laundering. The indictment also seeks forfeiture of a number of assets, including the Newton Property. The indictment alleges that the Newton Property constituted property subject to

-1-

forfeiture under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1963, and property involved in money laundering (or property traceable thereto) pursuant to 18 U.S.C. § 982(a)(1).

On April 27, 2005, this Court endorsed a memorandum of lis pendens regarding the Newton Property (see Docket No. 338-2). As the memorandum of lis pendens specifically states, the Superseding Indictment alleges that the defendants have an unlawful interest in the Newton Property and that such property has been involved in the violation of other crimes. On February 28, 2006, the Court entered a Restraining Order with respect to the Newton Property forbidding its transfer or alteration in any way that might affect the forfeitability of the property. On April 18, 2007, Bina, who is not a party in this action, filed a motion seeking relief from that restraining order (Docket No. 338), which is opposed by the government (Docket No. 339).

II. **Analysis**

   **A. Legal Standard**

   Under the RICO statute and upon application of the United States, the Court is authorized to issue a restraining order to prevent the transfer of assets that may be subject to post-conviction forfeiture. See 28 U.S.C. § 1963(d)(1)(A). The statute imposes no additional requirements for entry of such an

order other than that the subject property is described in the forfeiture allegation of the indictment and the Court is guided by equitable considerations when entertaining such an application. See United States v. Seigal, 974 F.Supp. 55, 59-60 (D. Mass. 1997).

A memorandum of lis pendens may be entered pursuant to the procedural requirements of the Commonwealth of Massachusetts. See M.G.L. c. 184, § 15. A memorandum of lis pendens is simply a notice recorded in the chain of title to real property warning all persons that such property is the subject matter of litigation and that any interests acquired during the pendency of the suit are subject to its outcome. See id.

The RICO statute provides a post-conviction procedure by which third parties may assert an interest in property subject to forfeiture. See 18 U.S.C. § 1963(l). An innocent third party who is affected by entry of a restraining order and/or memorandum of lis pendens may, however, bring a pre-conviction motion (such as this one) to challenge the propriety and scope of such an order in limited circumstances. See United States v. Real Property in Waterboro, 64 F.3d 752, 757 (1st Cir. 1995) (construing 28 U.S.C. § 853(e), the parallel drug forfeiture statute).

The Court, in its discretion, may amend or vacate an order that is "clearly improper" because, for example, the property

against which a lis pendens was imposed was not among the property named in the indictment. Third parties are not, however, permitted to challenge the validity of the forfeiture allegation in the indictment itself. See 18 U.S.C. 1963(i)(prohibiting a party claiming an interest in property subject to forfeiture from intervening in a criminal case or commencing a separate action against the United States concerning the validity of his alleged interest in the property); Seigal, 974 F.Supp. at 58. The purpose of a restraining order, after all, is to preserve at-risk property for trial, not to determine whether the property should have been included in the indictment. Waterboro, 64 F.3d at 756.

No judgment of forfeiture may be entered until and unless one of the relevant defendants is convicted. 18 U.S.C. § 1963(e). Upon such a conviction, the property is forfeitable only upon a determination by the Court that the government has established the "requisite nexus" between the property and the offense. Fed. R. Crim. P. 32.2(b)(1). In the case of a guilty plea, the Court's determination in that regard may be based on evidence in the record or upon evidence presented at a post-conviction hearing. Id.

If the case goes to trial and the jury returns a guilty verdict, a party may request a bifurcated proceeding in which the jury determines whether the government has established the

requisite nexus between the property and the offense committed by use of a special verdict form. See Fed. R. Crim. P. 32.2(b)(4) and Advisory Committee Notes thereto. The interests of third parties in any forfeited property are then adjudicated in separate, ancillary post-conviction proceedings pursuant to 18 U.S.C. § 1963(*l*)(2) and Fed. R. Crim. P. 32.2(c).

Rule 32.2 of the Federal Rules of Criminal Procedure was adopted in 2000 as a replacement of the prior rule, Fed. R. Civ. P. 31(e), which required the jury to determine the "extent of the interest or property subject to forfeiture". The purpose of the amendment is to avoid duplication of litigation and the wasting of judicial resources by adjudicating the interests of third parties in forfeited property at one time only after the Court, or the jury, has determined that such property is forfeitable.

### B. Application

The basis of Bina's motion for relief from the restraining order and memorandum of lis pendens is that none of the defendants in this case has ever held any interest in the Newton Property and that Bina, the sole owner, has not been accused of any wrongdoing. In other words, Bina is challenging the validity of the forfeiture allegation in the Second Superseding Indictment itself.

At this time, the forfeiture allegation with respect to the Newton Property is nothing more than that, an <u>allegation</u>, and the

property will not be forfeited until and unless a conviction enters against one of the relevant defendants and the Court, or the jury, determines that the government has demonstrated a "sufficient nexus" between the property and the commission of the crime giving rise to the forfeiture allegation. Fed. R. Crim. P. 32.2(b).

If and when a judgment of forfeiture is entered, therefore, Bina may bring a petition asserting a legal interest in the Newton Property and the Court will conduct a hearing to determine whether Bina possesses a legal right, title or interest to the property that is superior to the right, title or interest of any defendant at the time of the commission of the acts which gave rise to the forfeiture of the property. 18 U.S.C. § 1963(*l*)(6)(B). At this time, however, his motion is premature. See 18 U.S.C. 1963(i).

That Bina is the title holder of the subject property, and that none of the defendants holds, or have ever held, legal title to the property, is of no consequence at this stage in the proceedings. The government need not allege that the subject property is actually owned by one of the defendants. Rather, it need only demonstrate that the property is "derived from ... any proceeds which [the convicted defendant] obtained, directly or indirectly, from racketeering activity" for which that defendant has been convicted. 18 U.S.C. § 1963(a).

If, as Bina suggests, the government were required to prove that a convicted defendant holds title to the subject real property, criminals could avoid forfeiture by putting title to their proceeds and interests acquired or maintained in violation of the RICO statute in the names of "straws". See Caplin & Drsydale, Chartered v. United States, 941 U.S. 617, 628 (1989). Under the law, however, a petitioner challenging a forfeiture judgment must demonstrate that he is a bona fide purchaser for value of the right, title or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture. 18 U.S.C. § 1963(l)(6)(B).

Bina argues that he is clearly not a "straw" in this case because none of the other defendants has ever held title to the Newton Property and, therefore, could not have fraudulently conveyed the property to him. That is an argument he may present by petition after a conviction pursuant to 18 U.S.C. § 1963(l)(2) and the Court will determine, at that time, whether or not the defendants have any actual interest in the property.

In the meantime, Bina has made no showing that he is unduly burdened by the existence of the restraining order on the Newton Property. Nor does he argue that he was a bona fide purchaser for value without cause to believe that the property was subject to forfeiture at the time of his purchase. In his motion, counsel refers to Bina as the "owner" of the property but does

not assert that he purchased the property for value. Attached to the motion is an affidavit from a title examiner but there is no affidavit from Bina himself with respect to his interest in the property or any interest that may be held by any of the defendants in this case. Absent a showing that the restraining order has caused Bina an undue hardship, his motion to dissolve the restraining order and notice of lis pendens will be denied.

In Bina's motion, he requests oral argument which the government opposes. Bina has also filed a motion for leave to file a reply to the government's opposition (Docket No. 342). There is no need for oral argument or further pleadings from the parties and that motion will be denied.

### ORDER

The third party motion of Yousef Bina to dissolve lis pendens and for relief from restraining order affecting real property known as 405B Dedham Street, Newton, MA (Docket No. 338) and the motion for leave to file a reply (Docket No. 342) are **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated August 9, 2007