UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.      )<br>ARTHUR GIANELLI,      )<br>MARY ANN GIANELLI, et al.,   )<br>Defendants.   ) | CRIMINAL NO. 05-10003-NMG |

**UNITED STATES' OPPOSITION TO MOTION TO
VACATE ORDER FOR INTERLOCUTORY SALE
AND REPLY TO OPPOSITION TO MOTION TO COMPEL**

The United States hereby opposes defendant Mary Ann Gianelli's Motion to Vacate Order for Interlocutory Sale, and also addresses briefly herein the arguments raised in her Opposition to Government's Motion to Compel Compliance with Court Order.  See  Document No. 520 (the "Motion to Vacate"); Document No. 519 (the "Opposition").  As set forth below, the Defendant has raised no new legal or factual argument that would warrant vacating the March 2008 Order for Interlocutory Sale.  Indeed, nothing has changed since the Court ordered the sale of 420 Main Street, Lynnfield, Massachusetts (the "Lynnfield Property"): the Defendant and her children have not come up with funds to satisfy the Court's January 30, 2006 Order forfeiting defendant Arthur Gianelli's bond, and the Defendant continues to violate this Court's February 2006 Restraining Order by refusing to make mortgage payments on the Lynnfield Property.  Accordingly, there is no reason to vacate the Order for Interlocutory Sale, and no reason to delay the sale of the Lynnfield Property any longer.

**A.     The Defendant Has Never Argued That The Lynnfield Property
Cannot Be Sold Pursuant To The Order Forfeiting Her Husband's Bond**

In its original Motion for Interlocutory Sale and all subsequent filings, the government has maintained that a sale of the Lynnfield Property is warranted not only by the forfeiture statutes, but also by this Court's January 30, 2006 Order forfeiting defendant Arthur Gianelli's bond. Yet the Defendant has never addressed the Order declaring forfeiture of bail and entry of default against Arthur Gianelli, in the amount of $250,000, and against the Defendant and both of her children, in the amount of $125,000. See, e.g., Document Nos. 413, 516, 519, 520. Indeed, having acknowledged under oath that she understood that the government could go after the property if her husband violated the conditions of his release, the Defendant is in no position to argue now that the Lynnfield Property cannot be sold.

The Defendant took a risk that she would lose the Lynnfield Property when she allowed her husband to secure his $250,000 appearance bond with the asset. At a hearing on January 25, 2005, the Court warned the Defendant and her adult children of the risk, and they voluntarily accepted that risk under oath. See Document No. 416, Exhibit 2, at 4-9 (Transcript of 1/25/2005 Hearing Regarding Sureties). The Defendant's husband violated his conditions of release, and the Court gave the Defendant and her adult children for six months to satisfy the Order through some means other than the Lynnfield Property. Over two years later, they have yet to satisfy the Order. Accordingly, even if the Court were to determine that the interlocutory sale of the Lynnfield Property is not warranted by the forfeiture statutes, it clearly is warranted where, as here, bail forfeiture has been entered against a defendant.

**B.    The Restraining Order Has Not Protected The Lynnfield Property**

In the Motion to Vacate and the Opposition, the Defendant asserts that the Restraining Order is adequate to preserve the Lynnfield Property because it precludes Countrywide from foreclosing on its mortgage – a mortgage that the Defendant has refused to pay since May 2007. This argument is nothing new; in opposing the government's Motion for Interlocutory Sale the Defendant argued that the Restraining Order was sufficient to protect the Lynnfield Property.[1] See Document No. 413, at 5. Then, as now, the government conceded that the Restraining Order would be adequate to preserve the Lynnfield Property for forfeiture, if the Defendant had not been in violation of the Restraining Order for over a year.

The Restraining Order specifically provides:

> It is further ORDERED that the owner(s) of the Assets [which include the Lynnfield Property] are required to maintain the present condition of those Assets, **including timely payment of all mortgage payments**, insurance, utilities, taxes, and assessments until further order of this Court.

See Restraining Order, at 7 (emphasis added). The Restraining Order also prohibits the Defendant from taking, or causing to be taken:

> any action which could have the effect of concealing any of the Assets, removing Assets from the jurisdiction of this Court, or damaging, **depreciating, or diminishing the**

---

[1] Contrary to the Defendant's assertions, the fact that Countrywide cannot foreclose because of the Restraining Order is not "recent information." See Document No. 520, at 1. In fact, the government attached a similar letter from Countrywide's counsel to its October 26, 2007 Reply to the Defendant's Response to the Motion for Interlocutory Sale. See Document No. 416, Exhibit 1 (stating that Countrywide has a right to foreclose, but the property "is currently subject to the United States District Court's Restraining Order, dated February 28, 2006.") As set forth in that letter, "[a]s long as that Restraining Order stands in place and the loan delinquency continues, the mortgagee continues to be hurt."

**value of**, any of the Assets.

Id., at 5 (emphasis added).  As set forth in two letters from Countrywide Home Loans, Inc., no payments on the mortgage or the home equity loan have been made since May 2007, and the loans are in default.  See Document No. 416, Ex. 1; Document No. 517, Ex. 1.  Given the Defendant's blatant disregard of the Restraining Order, she is not in a position to argue that the Restraining Order is adequate to preserve the Lynnfield Property for forfeiture.

The Defendant also implies, as she did in her original response to the Motion for Interlocutory Sale, that this Court's power to take "any other action to preserve the availability of property . . . for forfeiture" (18 U.S.C. § 1963(d)(1); 21 U.S.C. § 853(e)(1), incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c)) does not include preserving the **value** of a forfeitable asset.  See Document No. 519, at 2 ("maximizing the value of a forfeitable asset is outside the scope of measures Congress authorized the government to take prior to forfeiture").  In fact, Congress has expressly provided for the interlocutory sale of property where, as here, a mortgage is in default.[2]  Rule G(7)(b)(i)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims provides:

---

[2]The Defendant implies that the government seeks an immediate sale of the Lynnfield Property based on market conditions.  See Document No. 519, at 2 ("Nothing in the statutory framework governing forfeiture insulates the government from normal market forces affecting the value of the asset.").  The government has never cited market conditions in support of its request to sell the Lynnfield Property.  Rather, the government has consistently asserted that the Defendant's failure to make mortgage payments is diminishing the value of the Lynnfield Property.  This argument is hardly "baseless speculation unsupported by any rationale, let alone any hard data."  See Document No. 519, at 2.  In fact, the government has provided two letters from Countrywide stating that no payments have been made on either of the loans secured by the Lynnfield Property since April 2007.  See Document No. 416, Ex. 1; Document No. 517, Ex. 1.

> On motion by a party or a person having custody of the
> property, the court may order all or part of the property
> sold if: . . . the property is subject to a mortgage or to taxes
> on which the owner is in default.

The criminal forfeiture statute, 21 U.S.C. § 853(j), incorporates the civil forfeiture procedures, including the Supplemental Rules, to the extent they are not inconsistent with Section 853 itself. See 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853.  The authority to conduct interlocutory sales of distressed real properties is entirely consistent with Section 853's mandate to preserve property for forfeiture.  Indeed, courts routinely order the sale of property subject to forfeiture over the objection of a defendant or claimant, where, as here, the net equity value of the property is diminishing.  See, e.g. United States v. 2540 Chadwick Way, 2005 WL 2124539 (N.D. Ill., May 12, 2005) (court ordered interlocutory sale of property where mortgage loan had been delinquent for only five months); United States v. Haro-Verdugo, 2006 WL 1990843 (D. Ariz., July 13, 2006) (interlocutory sale ordered where property was depreciating, noting that "the loss of equity factor is compelling").

      The Defendant simply is not in a position to argue that an immediate sale of the Lynnfield Property would not produce the most value.  Currently, the mortgage is seriously in default and accruing late fees daily.  It is only common sense that an immediate sale of the property would produce more value than allowing the Defendant to continue living at the Lynnfield Property "free of charge" while the unpaid principal, interest and late fees on the mortgage continue to accrue pending resolution of this case.

**CONCLUSION**

The Defendant has raised no new factual or legal argument that would warrant an order vacating the Order for Interlocutory Sale of the Lynnfield Property. The Defendant and her family posted the property as security for a bond, the terms of release were violated, and now the Order forfeiting that property must be enforced. Otherwise, posting property as security for a bond has little impact on criminal defendants. Accordingly, the United States requests that the Court deny the Motion to Vacate.

    Respectfully submitted,

    MICHAEL J. SULLIVAN,
    UNITED STATES ATTORNEY

By:   /s/ Kristina E. Barclay
    Kristina E. Barclay
    Assistant U.S. Attorney
    1 Courthouse Way
    Boston, MA  02210
    617-748-3100

Dated: August 13, 2008

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing document filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

    /s/ Kristina E. Barclay
    Kristina E. Barclay
Dated: August 13, 2008    Assistant U.S. Attorney